RECEIPT # _____
AMOUNT $ _____ 1:05-cv-11768-GAO     Document 1     Filed 08/26/2005     Page 1 of 7
SUMMONS ISSUED ___
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE  8-26-05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GN Netcom, Inc., a Delaware corporation, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION ) NO. |
| Klein Electronics, Inc., a California corporation, | ) ) ) |
| Defendant. | ) 05 - 11768 GAO |

## COMPLAINT
## AND DEMAND FOR JURY TRIAL

MAGISTRATE JUDGE _____

Plaintiff GN Netcom, Inc. ("GN Netcom") by its undersigned attorneys, hereby files this complaint against the Defendant as follows:

### NATURE OF THE ACTION

This is an action for, inter alia, patent infringement arising under the patent laws of the United States, including 35 U.S.C. §§ 271, 281, 284, 285 and 289; and trade dress infringement and unfair competition arising under the trademark laws of the United States including 15 U.S.C. § 1125 and the common law of the State of Massachusetts.

### THE PARTIES

#### A.    THE PLAINTIFF

1.    GN Netcom is a Delaware corporation organized under the laws of Delaware with its principal place of business in Nashua, New Hampshire.

2.    GN Netcom manufactures and distributes communication earpieces and headsets for sale in this District, in the United States, and throughout the world.

3.     On August 24, 2000, Jabra Corporation, a Delaware Corporation ("Jabra Corp."), was merged into GN Acquisition Subsidiary, Inc., and the name of the latter entity was changed to GN Jabra Corporation. On January 1, 2002, GN Netcom was merged into GN Jabra Corporation, and the name of the latter entity was changed to GN Netcom, Inc. All patents held by Jabra Corp. were transferred to, and are now owned by, GN Netcom, Inc.

## B.     THE DEFENDANT

1.     Defendant Klein Electronics, Inc. ("Defendant" or "Klein") is a California corporation with its principal place of business in Escondido, in the County of San Diego, State of California.

2.     Klein, which from time to time does business as HeadsetUSA and RocketQuality, sells audio accessories for cellular telephones.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the subject matter of the claims asserted in this action under 28 U.S.C. § 1331, 1332(a), 1338(a), and 1367(a) and 15 U.S.C. § 1121. The state and common law claims in this action arise out of the same nucleus of operative facts as the substantive federal law claims to which they are joined.

4.     Venue is proper in this district under 28 U.S.C. §§ 1400(b) and 1391.

## COUNT I

## (PATENT INFRINGEMENT)

5.     Plaintiff realleges the allegations set forth in paragraphs 1 through 4 inclusive, as if they had been fully restated here.

6.     GN Netcom is the owner of and the assignee of all rights, title and interest in and to United States Design Patent No. D501,196 S (the "'196 Patent"), which issued January 25, 2005 for an ornamental design for a communications earpiece (the "Patented Design"). A copy of the '196 Patent is attached hereto as Exhibit "A".

-2-

7.      The '196 Patent grants GN Netcom the exclusive right to make, use, sell, offer to sell, import and/or license communication earpieces that embody the Patented Design.

8.      Defendant has infringed and continues to infringe the Patented Design by making, using, offering to sell, and/or selling throughout the United States, including in this Judicial District, at least as early as July, 2005, communication earpieces that embody, and thus infringe, the Patented Design (the "Infringing Earpieces"). Attached as Exhibit "B" of this Complaint is a sample of advertising material distributed by Klein displaying the Infringing Earpiece; attached as Exhibit "C" of this Complaint is a side-by-side comparison of a communications earpiece manufactured and sold by GN Netcom that embodies the Patented Design and the Infringing Earpiece.

9.      Defendant's infringement has been deliberate, wilful, wanton, intentional and with full knowledge of the existence and validity of the '196 Patent.

10.     Defendant has caused and will continue to cause GN Netcom substantial damages and injury, including lost profits due to lost sales of GN Netcom, by virtue of its past and/or continuing infringement of the '196 Patent.

11.     GN Netcom is entitled to, among other things, compensation for the foregoing acts of infringement by Defendant, and to disgorgement of Defendant's financial gain arising from its sales of the Infringing Earpieces.

12.     GN Netcom will suffer further damage and injury unless and until Defendant is enjoined by this Court from continuing such infringement. The damage caused by Defendant is irreparable and cannot be adequately compensated for in money damages.

## COUNT II

### (TRADE DRESS INFRINGEMENT)

13.     As a cause of action and ground for relief, GN Netcom alleges trade dress infringement by Defendant under § 43(a) of the Federal Trademark Act, 15 U.S.C.

-3-

SF/21631561.5

§ 1125(a), and at common law, and realleges and incorporates by reference paragraphs 1 through 12 above.

14.    The Patented Design comprises distinctive, nonfunctional elements that together constitute a proprietary trade dress owned by GN Netcom (the "GNN Trade Dress"). GN Netcom has continuously used the GNN Trade Dress in connection with the manufacture and sale of certain communication earpieces that embody the GNN Trade Dress, as depicted in Exhibit "C" hereof (the "GNN Earpieces"). GN Netcom has long been a market leader in sales of communication equipment, including earpieces and headset equipment; GN Netcom advertises, markets, and sells the GNN Earpieces in interstate commerce and in the State of Massachusetts. Sales of GNN Earpieces have been substantial since the product's introduction, resulting in deep market penetration and recognition of the GNN Trade Dress.

15.    GNN has spent significant amounts advertising the GNN Earpieces.

16.    As a result of its inherently distinctive elements, the GNN Trade Dress functions as a distinctive indicator of source and quality of the GNN Earpieces. Alternatively, as a result of the extensive and substantial advertising and sales and the maintenance of premium quality standards of the GNN Earpiece, the GNN Trade Dress has acquired secondary meaning.

17.    Notwithstanding GN Netcom's rights in the GNN Trade Dress, Defendant has unfairly capitalized on the reputation and public recognition of, and the goodwill symbolized by, the GNN Trade Dress by, *inter alia*, using a confusingly similar trade dress as embodied in the Infringing Earpieces. The Infringing Earpieces simulate the appearance of the GNN Trade Dress.

18.    Defendant's use of a confusingly similar trade dress in the manner hereinabove alleged results in a likelihood of confusion with respect to the origin or sponsorship of the Infringing Earpieces and is likely to cause the public to believe, contrary

-4-

SF/21631561.5

to fact, that the Infringing Earpieces are licensed or otherwise approved by, or are in some way connected to or affiliated with, GN Netcom.

19.     Upon information and belief, Defendant had actual knowledge of GN Netcom's prior use of and rights in the GNN Trade Dress when it willfully and deliberately adopted and commenced use of its confusingly similar trade dress, all for the purpose of unlawfully trading on the goodwill and reputation symbolized by the GNN Trade Dress.

20.     Defendant's unauthorized use of its confusingly similar trade dress in the manner hereinabove alleged infringes GN Netcom's exclusive rights in and to the GNN Trade Dress under § 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a), and at common law.

21.     Defendant obtained benefits in the form of profits or other financial gain as a result of the foregoing conduct.

22.     Unless enjoined by this Court, Klein will continue to infringe GN Netcom's exclusive rights in and to the GNN Trade Dress, thereby deceiving the public and causing GN Netcom immediate and irreparable injury for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, GN Netcom respectfully requests that Judgment be entered that Defendant has infringed valid claims of the '196 Patent and GN Netcom's exclusive rights in and to the GNN Trade Dress, and that GN Netcom be granted the following relief:

a.     Entry of a preliminary injunction pending resolution of this action and a permanent injunction thereafter restraining Defendant, its officers, agents, servants, attorneys and all persons acting in concert with Defendant from further acts of infringement or inducement of infringement of the '196 Patent and the GNN Trade Dress;

b.     An order requiring an accounting and disgorgement of profits derived by Defendant from its acts of infringement and unfair competition, including where

-5-

applicable and permitted by law, enhanced, punitive, treble and/or statutory damages
(including damages under 35 U.S.C. §§ 284 and 289);

    c.     An award of damages sufficient to compensate GN Netcom for
Defendant's infringement and inducement of infringement of the '196 Patent and the GNN
Trade Dress, including, where applicable and permitted by law, enhanced, punitive, treble
and/or statutory damages (including, *inter alia*, damages under 35 U.S.C. §§ 284 and 289);

    d.     An award of prejudgment interest from the date of each act of
infringement or inducement of infringement of the '196 Patent and the GNN Trade Dress
by Defendant until the day a damages judgment is entered herein, and a further award of
post judgment interest continuing thereafter until such judgment is paid (including, *inter
alia*, such interest pursuant to 35 U.S.C. § 284 and 28 U.S.C. § 1961);

    e.     An award of increased damages in an amount not less than three
times the amount of damages found by the jury or assessed by this Court, for Defendant's
willful and wanton acts of infringement and inducement of infringement, pursuant to 35
U.S.C. § 284 and 15 U.S.C. § 1117;

    f.     An order requiring Defendant to supply GN Netcom with a complete
list of entities to whom they have sold or offered for sale the Infringing Earpieces;

    g.     That GN Netcom recover from Defendant an award of GN Netcom's
reasonable attorneys' fees, pursuant to 35 U.S.C. § 285, and GN Netcom's costs of suit,
pursuant to 35 U.S.C. § 284;

    h.     That GN Netcom recover from Defendant an award of reasonable
attorneys' fees, pursuant to 15 U.S.C. § 1117 based on the exceptional nature of this case;
and

    i.     Such other and further relief as this Court shall deem appropriate.

/ / / / /

/ / / / /

/ / / / /

SF/21631561.5

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all claims that are triable to a jury.

GN Netcom, INC.

By its attorneys,

Joshua M. Dalton
BBO# 636402
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

Dated: August 26, 2005

-7-

# EXHIBIT "A"

SF/21623794.1



D 1359791

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**

August 23, 2005

**THIS IS TO CERTIFY THAT ANNEXED HERETO IS A TRUE COPY FROM THE RECORDS OF THIS OFFICE OF:**

**U.S. PATENT:** *D501,196*
**ISSUE DATE:** *January 25, 2005*

By Authority of the

**Under Secretary of Commerce for Intellectual Property**
**and Director of the United States Patent and Trademark Office**

**M. K. CARTER**

Certifying Officer



US00D501196S

(12) **United States Design Patent**
    Dyer et al.

(10) Patent No.:    **US D501,196 S**
(45) Date of Patent:    **＊＊    Jan. 25, 2005**

(54) **COMMUNICATIONS EARPIECE**

(75) Inventors: **Medford Alan Dyer**, San Diego, CA (US); **Stuart Karten**, Venice, CA (US); **Eric Olson**, Venice, CA (US); **Dennis Schroeder**, Hermosa Beach, CA (US); **Thomas Henry Perszyk**, San Diego, CA (US); **Anita Habeich**, San Diego, CA (US); **Simon Sollberger**, Venice, CA (US); **Tracy Taylor Haugh**, San Diego, CA (US)

(73) Assignee: **Jabra Corporation**, San Diego, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/191,284**

(22) Filed: **Oct. 3, 2003**

(51) **LOC (7) Cl.** ...................................................... **14-01**
(52) **U.S. Cl.** ....................................... **D14/205; D14/223**
(58) **Field of Search** ................................ D14/192, 205, D14/206, 223, 225, 240; 379/430, 431; 181/128, 130, 131; D24/173, 174; 381/374, 376, 377, 378, 379, 381

(56)    **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D179,150 S | * | 11/1956 | Norris ........................ D14/192 |
| D180,694 S | * | 7/1957 | Norris ........................ D14/192 |
| 3,209,080 A | | 9/1965 | Guttner et al. |
| 4,335,281 A | | 6/1982 | Scott et al. |
| D309,305 S | | 7/1990 | von Hall |
| D395,653 S | | 6/1998 | Read et al. |
| D421,755 S | | 3/2000 | Pitel |
| D445,415 S | | 7/2001 | Jaakkola |
| D447,743 S | | 9/2001 | Ma |
| D469,081 S | * | 1/2003 | Perszyk et al. ............ D14/205 |
| D469,422 S | | 1/2003 | Nguyen et al. |
| D470,121 S | * | 2/2003 | Nguyen et al. ............ D14/205 |
| D474,178 S | * | 5/2003 | Eroma ........................ D14/223 |

* cited by examiner

*Primary Examiner*—Paula A. Greene
(74) *Attorney, Agent, or Firm*—Michael J. Bolan; Bingham McCutchen LLP

(57)    **CLAIM**

We claim the ornamental design for a communications earpiece, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of a communications earpiece according to the invention;

FIG. 2 is a front view of the communications earpiece shown in FIG. 1;

FIG. 3 is a left side view of the communications earpiece shown in FIG. 1;

FIG. 4 is a rear view of the communications earpiece shown in FIG. 1;

FIG. 5 is a right side view of the communications earpiece shown in FIG. 1;

FIG. 6 is top view of the communications earpiece shown in FIG. 1; and,

FIG. 7 is bottom view of the communications earpiece shown in FIG. 1.

**1 Claim, 4 Drawing Sheets**



**U.S. Patent**      Jan. 25, 2005      Sheet 1 of 4          US D501,196 S



# FIG. 1

**U.S. Patent**    Jan. 25, 2005    Sheet 2 of 4    US D501,196 S



**FIG. 2**



**FIG. 3**



**FIG. 4**



**FIG. 5**



**FIG. 6**



**FIG. 7**

# EXHIBIT "B"



# The "**Flare**"™
# Hands-Free Earpiece with PTT



*The Most Comfortable Earpiece in the World!*

## Left or Right Usage



### Flare-1-Cell

Connector fits Motorola,
Sanyo, LG, Kyocera,
Samsung, Nokia,
Blackberry phones



### Flare-1-PTT

Works for Nextel, Boost,
Telus, SouthernLINC,
iDen phones

## SPECIFICATIONS

Microphone
  Size: 6.0*5.0mm
  Freq. range: 20Hz-16Khz
  Sensitivity: 58db+/-2db
  Standard Voltage: 3V

Earphone
  Size: 13mm
  Frequency: 8Ohz-16Khz
  Output Sensitivity: 180+/-db
  Impedance: 32ohm+/-10%
  Max Input Power: 20mw

Cable
  Pull Strength: 15Kg
  OD (mm): 0.70/1.4*2.8



## Call Now!

**Klein Electronics, Inc.**
800.959.2899
www.RocketQuality.com
www.HeadsetUSA.com

**RocketScience**™
*It takes RocketScience to build stuff this good!*

# EXHIBIT "C"

Klein's Earpiece



GN Netcom's Earpiece



OJS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| GN NETCOM, INC., a Delaware corporation | KLEIN ELECTRONICS, INC., a California corporation |

| (b) County of Residence of First Listed Plaintiff **Delaware** (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed **California** (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
|---|---|
| (c) Attorney's (Firm Name, Address, and Telephone Number) Joshua M. Dalton BINGHAM McCUTCHEN LLP 150 Federal Street Boston, MA 02110 Telephone: (617) 951-8000 | Attorneys (If Known) |

05 - 11768 GAO

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 151 Medicare Act ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholders' Suits ☐ 190 Other Contract ☐ 195 Contract Product Liability ☐ 196 Franchise | **PERSONAL INJURY** ☐ 310 Airplane ☐ 315 Airplane Product Liability ☐ 320 Assault, Libel & Slander ☐ 330 Federal Employers' Liability ☐ 340 Marine ☐ 345 Marine Product Liability ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability ☐ 360 Other Personal Injury | **PERSONAL INJURY** ☐ 362 Personal Injury— Med. Malpractice ☐ 365 Personal Injury — Product Liability ☐ 368 Asbestos Personal Injury Product Liability **PERSONAL PROPERTY** ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | ☐ 610 Agriculture ☐ 620 Other Food & Drug ☐ 625 Drug Related Seizure of Property 21 USC 881 ☐ 630 Liquor Laws ☐ 640 R.R. & Truck ☐ 650 Airline Regs. ☐ 660 Occupational Safety/Health ☐ 690 Other **LABOR** ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt.Reporting & Disclosure Act ☐ 740 Railway Labor Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158 ☐ 423 Withdrawal 28 USC 157 **PROPERTY RIGHTS** ☐ 820 Copyrights ☒ 830 Patent ☐ 840 Trademark **SOCIAL SECURITY** ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment ☐ 410 Antitrust ☐ 430 Banks and Banking ☐ 450 Commerce ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV ☐ 810 Selective Service ☐ 850 Securities/Commodities/ Exchange ☐ 875 Customer Challenge 12 USC 3410 ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act ☐ 900Appeal of Fee Determination Under Equal Access to Justice ☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** ☐ 210 Land Condemnation ☐ 220 Foreclosure ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | **CIVIL RIGHTS** ☐ 441 Voting ☐ 442 Employment ☐ 443 Housing/ Accommodations ☐ 444 Welfare ☐ 445 Amer. w/Disabilities - Employment ☐ 446 Amer. w/Disabilities - Other ☐ 440 Other Civil Rights | **PRISONER PETITIONS** ☐ 510 Motions to Vacate Sentence **Habeas Corpus:** ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition | | **FEDERAL TAX SUITS** ☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 another district (specify)

Transferred from

☐ 6 Multidistrict Litigation

Appeal to District ☐ 7 Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 U.S.C. §§ 271, 281, 284, 285 and 289; 15 U.S.C. §§ 1121, 1125

Brief description of cause:
Patent infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 8/26/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

American LegalNet, Inc. www.USCourtForms.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only)____GN NETCOM, INC. v. KLEIN ELECTRONICS, INC.____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

| | | |
|---|---|---|
| ☐ | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
| ☑ | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121<br>740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases |
| ☐ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,<br>315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,<br>380, 385, 450, 891. |
| ☐ | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,<br>690, 810, 861-865, 870, 871, 875, 900. |
| ☐ | V. | 150, 152, 153. |

# 05 - 11768 GAO

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                        YES ☐      NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

                                                        YES ☐      NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                        YES ☐      NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                        YES ☐      NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                        YES ☐      NO ☑

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☐         Central Division ☐         Western Division ☐

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ☐         Central Division ☐         Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                        YES ☐      NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ___Joshua M. Dalton___
ADDRESS ___Bingham McCutchen LLP; 150 Federal Street; Boston, MA 02110___
TELEPHONE NO. ___617-951-8284___

(CategoryForm.wpd - 5/2/05)