UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GN Netcom, Inc., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>Klein Electronics, Inc., a California corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION<br>)  NO.  05-11768 GAO<br>)<br>)<br>)<br>)<br>) |

**JOINT STATEMENT SUBMITTED PURSUANT TO
FED.R.CIV.P. 26(f) AND LOCAL RULE 16.1**

Pursuant to Fed.R.Civ.Pro. 26(f) and Local Rule 16.1 plaintiff GN Netcom, Inc. ("GN Netcom" or "Plaintiff"); and defendant Klein Electronics, Inc. ("Klein" or "Defendant") hereby submit the following joint statement.

    **A.**    **Proposed Agenda For Scheduling Conference.**

The parties jointly propose that the agenda for the Rule 16 scheduling conference include a discussion of the following topics:

    1.    Proposed discovery plan;

    2.    Proposed scheduling of filing of motions;

    3.    Proposed trial date.

    **B.**    **Proposed Discovery Plan.**

Plaintiff served Defendant with the information required by Fed. R. Civ. P. Rule 26(a)(1) ("initial disclosures") on September 20, 2005.

Defendant will serve its initial disclosures on or before October 3, 2005.

Except as noted, the parties jointly propose that discovery be conducted pursuant to the limits set forth in Local Rule 26.1(C), and take place in accordance with the following schedule with all discovery being completed by March 1, 2006.

1. <u>Discovery subjects.</u>

Discovery will be needed on the following subjects:

<u>Plaintiff:</u>

- Facts relating to Defendant's infringement of Plaintiff's patent and trade dress.

- Defendant's prior knowledge of Plaintiff's patent and trade dress.

- Profits Defendant earned from use of Plaintiff's patent and trade dress.

- Basis for any contention that Plaintiff's patent is invalid or unenforceable

<u>Defendant:</u>

- Facts relating to Defendant's non-infringement defense;

- Facts relating to Defendant's invalidity and unenforceability defenses;

- Facts relating to claim construction;

- Facts relating to the existence and scope of the prior art;

- Facts relating to the failure to satisfy written description requirements;

- Facts relating to lack of enablement;

- Facts relating to lack of novelty;

- Facts relating to non-obviousness;

- Facts relating to Plaintiff's alleged damages; and

- Facts relating to the prosecution history.

2. <u>Written discovery.</u>

Each party will serve the other with interrogatories and requests for documents aimed at supplementing the information provided in the parties' initial disclosures.

Plaintiff served its first set of discovery on September 20, 2005. Defendant expects to serve its first set of discovery following its response to the complaint, which the parties have stipulated must be filed and served on or before October 3, 2005.

3. <u>Depositions.</u>

The parties agree that depositions will be limited to no more than four (4) by each party. Each deposition will be limited to a maximum of 7 hours of testimony, unless extended by agreement of the parties. The parties will meet and confer concerning the scheduling of depositions at a mutually convenient date and location.

4. <u>Expert Witnesses.</u>

Reports from retained experts under Rule 26(a)(2) will be due from the party with the burden of proof by April 3, 2006. Rebuttal reports from retained experts under Rule 26(a)(2) will be due by May 1, 2006.

5. <u>Trial Exhibits And Percipient Witnesses.</u>

Final lists of witnesses and exhibits under Rule 26(a)(3) will be due:

    a. from Plaintiff by June 15, 2006

    b. from Defendant by June 22, 2006

The Parties will have 10 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

### C. Other Items.

1. Defendant's counsel, John S. Kyle, intends to promptly seek admission to appear before this Court *pro hac vice*.

2. The parties do not request a conference with the court before entry of the scheduling order.

3. The parties should be allowed until February 1, 2006 to join additional parties and to amend the pleadings.

4. Settlement cannot be evaluated prior to completion of the first round of discovery.

5. Plaintiff has requested that Defendant stipulate to entry of a permanent injunction barring sale or manufacture of the allegedly infringing products and requiring Defendant to notify third-party distributors of this suit and request that they also cease sales of the allegedly infringing products.

### D. Motions.

All potentially dispositive motions should be filed by May 1, 2006.

### E. Pretrial And Trial.

The parties request a pretrial conference in June 2006.

The case should be ready for trial by August 1, 2006 and at this time is expected to take approximately 3 court days

### F. Certifications.

The certifications required by Local Rule 16.1(D)(3) are attached hereto or will be filed separately on or before the day of the conference.

### G. Mediation And Trial By Magistrates.

The parties agree to consider mediation on an ongoing basis as an option for the resolution of this matter.

At this time, the parties do not consent to a trial by Magistrate.

Dated: September 30, 2005                    GN Netcom, Inc.

By its attorneys,


/s/ David M. Magee                              .
   Joshua M. Dalton  BBO# 636402
   David M. Magee BBO#652399
   BINGHAM McCUTCHEN LLP
   150 Federal Street
   Boston, MA  02110
   (617) 951-8000



Dated: September 30, 2005                    Klein Electronics, Inc.

By its attorneys,


/s/ Michelle Randazzo (by DMM)       .
   Michelle Randazzo  BBO#
   Kopelman and Paige, PC
   31 St. James Avenue
   7th Floor
   Boston MA 02116
   (617) 556-0007


   John S. Kyle
   Procopio, Cory, Hargreaves
    & Savitch LLP
   530 B Street, Suite 2100
   San Diego, California 92101-4469