UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Docket No.: 05-11768 GAO

| | |
|---|---|
| GN NETCOM, INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>v.<br><br>KLEIN ELECTRONICS, INC., a California corporation,<br><br>  Defendant. | ANSWER, COUNTERCLAIM AND DEMAND FOR JURY TRIAL OF KLEIN ELECTRONICS, INC. TO PLAINTIFF'S COMPLAINT |

Defendant Klein Electronics, Inc. ("Klein") answers Plaintiff's unverified Complaint and counterclaims as follows:

**THE PARTIES**

1.  Answering paragraph A(1) of Plaintiff's Complaint, Klein admits that GN Netcom is a Delaware corporation organized under the laws of Delaware. Other than as so admitted, Klein is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the paragraph, and on that basis denies the remaining the allegations in the paragraph.

2.  Answering paragraph A(2) of Plaintiff's Complaint, Klein admits that GN Netcom communication ear pieces and headsets are available for sale in the United States. Other than as so admitted, Klein is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the paragraph, and on that basis denies the remaining allegations in the paragraph.

3.  Answering paragraph A(3) of Plaintiff's Complaint, Klein is without knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation in the paragraph, and on that basis denies each and every allegation in the paragraph.

4. Answering paragraph B(1) of Plaintiff's Complaint, Klein admits each and every allegation in the paragraph.

5. Answering paragraph B(2) of Plaintiff's Complaint, Klein admits that from time to time it sells products through a website titled HeadsetUSA, and sells audio accessories for cellular telephones. Except as so admitted, Klein denies each and every allegation in the paragraph.

6. Answering paragraph B(3) of Plaintiff's Complaint, Klein admits that the Court has subject matter jurisdiction over the federal claims alleged in the Complaint. Except as so admitted, Klein denies each and every allegation in the paragraph.

7. Answering paragraph B(4) of Plaintiff's Complaint, Klein admits that venue is proper in this district under 28 U.S.C. §§ 1400(b) and 1391, although Klein does not believe that this judicial district is the most appropriate district, as there are other venues more connected with the subject matter and that are more convenient to the parties and witnesses.

## COUNT I
### (PATENT INFRINGEMENT)

8. Answering paragraph B(5) of Plaintiff's Complaint, Klein realleges and incorporates its responses to paragraphs 1 through 7 of this Answer.

9. Answering paragraph B(6) of Plaintiff's Complaint, Klein admits that a copy of United States Design Patent No. D501,196S (the "'196 Patent") is attached to Plaintiff's Complaint as Exhibit "A." Except as so admitted, Klein is without knowledge or information sufficient to form a belief as to the truth or falsity of each and every remaining allegation in the paragraph, and on that basis denies each and every remaining allegation in the paragraph.

10. Answering paragraph B(7) of Plaintiff's Complaint, Klein is without knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation in the paragraph, and on that basis denies each and every allegation in

the paragraph.

11. Answering paragraph B(8) of Plaintiff's Complaint, Klein admits that offered to sell and/or sold a small number of earpieces as depicted in Exhibit "B" o Plaintiff's Complaint. Except as so admitted, Klein denies each and every remaining allegation in the paragraph.

12. Answering paragraph B(9) of Plaintiff's Complaint, Klein denies each and every allegation in the paragraph.

13. Answering paragraph B(10) of Plaintiff's Complaint, Klein is without knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation in the paragraph, and on that basis denies each and every allegation in the paragraph.

14. Answering paragraph B(11) of Plaintiff's Complaint, Klein denies each and every allegation in the paragraph.

15. Answering paragraph B(12) of Plaintiff's Complaint, Klein denies each and every allegation in the paragraph.

## COUNT II
### (TRADE DRESS INFRINGEMENT)

16. Answering paragraph B(13) of Plaintiff's Complaint, Klein admits that GN Netcom alleges Trade Dress infringement as against Klein under § 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a) and at common law, and Klein realleges and incorporates its responses to paragraphs 1 through 15 of this Answer.

17. Answering paragraph B(14) of Plaintiff's Complaint, Klein denies that the Patented Design comprises distinct, nonfunctional elements that together constitute a proprietary Trade Dress owned by Plaintiff. As to the remaining allegations in the paragraph, Klein is without knowledge or information sufficient to form a belief as to the truth or falsity of each and every remaining allegation in the paragraph, and on that basis denies each and every remaining allegation in the paragraph.

18.     Answering paragraph B(15) of Plaintiff's Complaint, Klein is without knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation in the paragraph, and on that basis denies each and every allegation in the paragraph.

19.     Answering paragraph B(16) of Plaintiff's Complaint, Klein is without knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation in the paragraph, and on that basis denies each and every allegation in the paragraph.

20.     Answering paragraph B(17) of Plaintiff's Complaint, Klein denies each and every allegation in the paragraph.

21.     Answering paragraph B(18) of Plaintiff's Complaint, Klein is without knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation in the paragraph, and on that basis denies each and every allegation in the paragraph.

22.     Answering paragraph B(19) of Plaintiff's Complaint, Klein denies each and every allegation in the paragraph.

23.     Answering paragraph B(20) of Plaintiff's Complaint, Klein denies each and every allegation in the paragraph.

24.     Answering paragraph B(21) of Plaintiff's Complaint, Klein denies each and every allegation in the paragraph.

25.     Answering paragraph B(22) of Plaintiff's Complaint, Klein denies each and every allegation in the paragraph.

## **AFFIRMATIVE DEFENSES**

Klein alleges the following affirmative defenses to Plaintiff's alleged Counts:

### **FIRST AFFIRMATIVE DEFENSE**

The Complaint and each and every count it alleges fails to state facts sufficient to state a claim for relief, in law or equity, against Klein.

## SECOND AFFIRMATIVE DEFENSE

Klein has not infringed, either literally or under the doctrine of equivalents, a[ny] valid claim of U.S. Design Patent D501,196S.

## THIRD AFFIRMATIVE DEFENSE

Upon information and belief, the claim of the '196 Patent is invalid and/o[r] unenforceable for failure to comply with one or more of the conditions of patentability [s]e[t] forth in the Patent laws of the United States Code, Title 35, including, without limitati[on] Sections 102, 103, 112, 171, and 251.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no injury to its business or property by reason of any alleg[ed] conduct of Klein that violated patent, unfair competition, Trade Dress, unfair busin[es]s practice laws, or other legal duties.

## FIFTH AFFIRMATIVE DEFENSE

Pursuant to 35 U.S.C. Section 282, one or more counts of Plaintiff's action a[re] barred because the '196 Patent is invalid on one or more grounds specified in 35 U.S.[C.] Sections 10-18 as conditions for patentability.

## SIXTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff lacks standing to assert a patent infringeme[nt] action with respect to the '196 Patent.

## SEVENTH AFFIRMATIVE DEFENSE

The design taught by the '196 Patent is functional.

## EIGHTH AFFIRMATIVE DEFENSE

The design of the earpieces that Plaintiff seeks to protect is functional and ha[s] utility.

## NINTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff's action and all counts it alleges, are barr[ed] under the equitable doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff's action and each and every count it alleges is barred by Plaintiff's inequitable conduct in obtaining the '196 Patent.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's purported Trade Dress has not acquired secondary meaning.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's common law trade dress claims are barred by the doctrine of federal preemption.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to name necessary and/or indispensable parties and thus, is precluded from prosecuting this action.

## KLEIN'S COUNTERCLAIM AGAINST PLAINTIFF

Defendant and Counter-Claimant Klein Electronics, Inc. ("Klein") files this Counterclaim against Plaintiff and Counter-Defendant GN Netcom, Inc. ("Plaintiff") stating as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1. Klein is a California corporation, having its principal place of business in Escondido, California.

2. On information and belief, Plaintiff is a Delaware corporation, having its principal place of business in Nashua, New Hampshire.

3. This Counterclaim seeks a declaratory judgment of invalidity and non-infringement of a United States Patent. This Court has jurisdiction over the patent invalidity and non-infringement claims in this action pursuant to 28 U.S.C. §§ 1338 and 2201, and Rule 13 of the Federal Rules of Civil Procedure.

4. This Court has personal jurisdiction over Plaintiff by virtue of Plaintiff's Complaint in this action.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and

1400, although Klein does not believe that this judicial district is the most appropriate venue, as there are other venues more connected with the subject matter and that are more convenient to the parties and witnesses.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

6. Klein realleges and incorporates by reference all previous paragraphs of this Answer and Counterclaim.

7. Plaintiff has sought enforcement of the '196 Patent against Klein. On information and belief, the '196 Patent is invalid, or Klein has not infringed, directly or indirectly, literally or under the doctrine of equivalents, or induced or contributed to the infringement, of any valid claim of the '196 Patent. An actionable and judiciable controversy therefore exists between Klein and Plaintiff with respect to the '196 Patent.

8. The '196 Patent is invalid, void, and/or not enforceable for the reasons set forth above in Klein's First through Thirteenth Affirmative Defenses, inclusive, which affirmative defenses are incorporated in this claim for relief by reference.

Wherefore, Klein prays for judgment as follows:

1. That Plaintiff take nothing from Klein by way of its Complaint;

2. That Klein be awarded its costs of suit;

3. That Klein be awarded its attorneys' fees incurred;

4. That the Court order that United States Patent No. D501,196S is invalid;

5. That the Court order that United States Patent No. D501,196S is void and/or unenforceable and enjoin Plaintiff from further asserting United States Patent No. D501, 196S against Klein or any purchasers or licensees of Klein products;

6. That the Court order that no royalties or other damages are due from or owed by Klein for any of the acts alleged in Plaintiff's complaint; and

7. For such other relief as the Court may deem just and proper.

**DEFENDANT/COUNTERCLAIMANT KLEIN ELECTRONICS DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

Date: October 3, 2005

DEFENDANT AND COUNTERCLAIMAINT,
KLEIN ELECTRONICS, INC.

By its Attorneys,

/s/ Michele E. Randazzo
Michele E. Randazzo (BBO# 564906)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA  02116
(617) 556-0007

John S. Kyle, Esq.
Procopio, Cory, Hargreaves & Savitch LLP
530 B Street, Suite 2100
San Diego, California 92101-4469