UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Docket No.: 05-11768 GAO

| | |
|---|---|
| GN NETCOM, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>KLEIN ELECTRONICS, INC., a California corporation,<br><br>    Defendant.<br><br>AND RELATED COUNTERCLAIM. | STIPULATED PROTECTIVE ORDER |

This stipulation is entered into by and between GN Netcom, Inc. and Klein Electronics, Inc. (individually referred to as a "Party," and collectively referred to hereafter as the "Parties").

## RECITALS

1. The Parties are engaged in formal discovery pursuant to the Federal Rules of Civil Procedure;

2. The Parties assert that discovery may require the disclosure of information or matters that may include trade secret or other confidential research, development, or commercial information within the meaning of Rule 26 of the Federal Rules of Civil Procedure;

3. The Parties agree to enter into this Stipulated Protective Order ("Order") to avoid the time and expense to be incurred by the Parties in connection with formal motions and requests for hearings seeking protective orders from the Court.

## AGREEMENT

I.  **DEFINITIONS.**

A. "**Confidential Information**" shall mean any information and things, whether revealed during a deposition, in a document, in a discovery response or otherwise, which information and things are included, without limitation, in the following categories:

1. **Technical Information** including technical specifications, product development plans, product design documentation, source code, manufacturing documentation, bill of materials, built-to-print drawings, grant applications, invention disclosures, provisional patent applications, patent applications, and trade secrets.

2. **Business Information** including customer lists, customer files, customer communications, sales quotations, prospect lists, business plans, market research, marketing strategies, regulatory plans & strategies, sales forecasts, pricing information, partnership agreements, board minutes and materials, investor lists, investor files, investor agreements, stock option plans, stock option agreements, compensation information, employee lists, consultant lists, financial information, and vendor lists.

B. "**Producing Party**" shall mean any Party, or non-party, who produces for inspection, provides access to, provides copies of, or otherwise discloses Confidential Information to any other Party.

C. "**Requesting Party**" shall mean any Party who requests the production, provision of access, provision of copies, or disclosure of Confidential Information from a Producing Party.

D. "**Receiving Party**" shall mean any Party who receives the Confidential Information of another Party.

The restrictions and obligations set forth in this Agreement regarding Confidential Information shall not apply to any information, or portion thereof, that the Receiving

Party can demonstrate to the Court by motion prior to disclosure and by clear and convincing evidence: (i) was known to the Receiving Party before receipt thereof from or on behalf of the Producing Party; (ii) is disclosed to the Receiving Party by a third person who has a right to make such disclosure without any obligation of confidentiality to the Producing Party; (iii) is or becomes generally known in the trade without violation of this Agreement by the Receiving Party; or (iv) is independently developed by the Receiving Party or the Receiving Party's employees to whom the Producing Party's information was not disclosed and without reference to the Producing Party's information.

**II.   ADMINISTRATION AND LOGISTICS.**

A. **Designation.**  For written discovery or deposition testimony, Confidential Information may be designated by the Producing Party as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY."

B. **Discovery Requests.**  For written discovery responses and for documents and things produced in response to discovery requests which constitute or contain Confidential Information, the responses or documents, as the case may be, shall be designated by the Producing Party at the time of production by stamping or otherwise affixing thereto a designation as provided in Section II.A.

C. **Deposition Testimony.**  For deposition testimony, unless modified by agreement of counsel or Court order, only those persons authorized by this Order to receive Confidential Information may be present during depositions. Furthermore, if during the course of a Producing Party's deposition, such Producing Party believes all, or a portion, of its testimony constitutes Confidential Information, at any time during the course of the deposition, counsel for the Producing Party may designate all, or a portion, of the testimony and resulting deposition transcript Confidential Information by stating on the record that such information is "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" as provided in Section II.A.  If the Producing Party designates any portion of the testimony as "CONFIDENTIAL – ATTORNEYS EYES

**ONLY,"** then only those persons authorized under section III.A may remain present during the testimony.

D. **Copies of Confidential Information.** The Parties agree to the following parameters for the production of Confidential Information. Legible photocopies of documents, and where reasonably possible, inspected things, may be used for all purposes in this action in the place of, and to the extent that, "originals" may be so used. The "original" of the document, to the extent and in whatever form it may be found in the files of a Party, and the original things, shall be made available for inspection at reasonable times upon reasonable request of the Requesting Party.

E. **Inadvertent Disclosures.** If a Producing Party at any time notifies the Requesting Party, in writing, that it inadvertently produced documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, the Requesting Party shall not review, or cease review if then currently reviewing such items, and return all copies of such documents, testimony, information, and/or things to the Producing Party within five (5) business days of receipt of such notice. The Requesting Party shall not use such items for any purpose until further order of the Court. The return of any discovery item to the Producing Party shall not preclude the Requesting Party from moving the Court for a ruling that: (i) the document or thing was never privileged or protected; or (ii) the privilege or protection has been waived.

F. **Inadvertent Production Without Designation.** The inadvertent production of any document or thing without a Confidential designation shall be without prejudice to a subsequent claim that such material is Confidential. If the Producing Party asserts that such materials include Confidential Information, the Receiving Party shall take prompt steps to ensure that all known copies of such material are marked Confidential and treated as such. Nothing in this section shall preclude a Party from challenging the propriety of the claim of confidentiality.

## III. AUTHORIZED ACCESS TO AND USE OF CONFIDENTIAL INFORMATION.

A. Access to, and disclosure of, all documents, testimony, information, and things received by counsel for a Receiving Party pursuant to discovery, which are designated "**CONFIDENTIAL – ATTORNEYS EYES ONLY**" shall be limited to the following persons:

1. Outside counsel for the Requesting Party, and their paralegals, administrative assistants, secretaries, and support staff, and litigation support services, including without limitation, copy services, document production services, exhibit-making services, translation services, coding services, scanning services, animation services, jury consultants and mock jurors. It will be the responsibility of each of the Parties' undersigned counsel to ensure compliance with the protective order. Execution of this Order by undersigned counsel shall constitute a representation that outside counsel for the Parties shall use reasonable best efforts to ensure that all such persons shall observe the terms of this Order;

2. Subject to Section V of this Order, outside consultants, or experts retained by a Requesting Party in this litigation who are not employees of the Requesting Party or its affiliates, and who do not have any subsisting or ongoing employment or retainer relationship with a Requesting Party, and who shall agree to be bound by this Order to the same extent as if they were a party to this agreement and shall not use a Producing Party's Confidential Information: (i) for the benefit of the Requesting Party other than in connection with this litigation; or (ii) for the benefit of any other person or entity; and

   3. Court reporters, videographers, and Court personnel, as necessary.

B. Access to, and disclosure of, all documents, testimony, information, and things received by counsel for a Receiving Party pursuant to discovery, which are designated "CONFIDENTIAL," shall be limited to the following persons:

   1. All persons described in section III.A;

   2. In-house counsel for the Requesting Party, and their paralegals, administrative assistants, secretaries, and support staff. Execution of this Order by undersigned counsel shall constitute a representation that all such persons shall observe the terms of this Order;

   3. Any witness testifying in a deposition in this case, regardless of the current status of his or her employment, if: (i) the witness is listed as an author or recipient on the face of such Confidential Information; and/or (ii) the lawyer disclosing such Confidential Information has a good-faith reasonable belief based upon the witness's testimony that the witness may have access to the Confidential Information; and

   4. The Chief Executive Officer of a Party.

C. Use and/or dissemination of Confidential Information, whether designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall be in strict accordance with Sections IV – VIII of this Order.

IV. **BRIEFS CONTAINING CONFIDENTIAL INFORMATION.**

Any pleading, paper, or other document filed in this action which contains or attaches Confidential Information subject to this Order must be filed following a motion to impound and in accordance with Local Rule 7.2 of the United States District Court for the District of Massachusetts, or in accordance with the local rules of any other Court which obtains jurisdiction over the matter.

V. **CONSULTANTS AND EXPERTS.**

   A. The following provisions shall control the dissemination of Confidential

Information to consultants and experts.

    1.    A Party proposing to show Confidential Information to a consultant or expert per Section III.A.2, above, shall first submit to the Court a sworn undertaking, in substantially the format attached hereto as Exhibit A, and a curriculum vitae ("C.V.") which includes the consultant's or expert's name, current business affiliation and address, and any known present or former relationships between the consultant or expert and the Producing Party or known competitor of the Producing Party. The undertaking and C.V. shall be delivered to the Producing Party by facsimile with confirmatory copy at least ten (10) business days prior to the disclosure of any Confidential Information to such consultant or expert.

    2.    If a Party receiving a notice pursuant to Section V, objects to such Confidential Information being disclosed to the selected consultant or expert, such Party shall make its objections known to the sender of the notice, via facsimile with a confirmatory copy, within ten (10) business days of receipt of the written notification required by Section V. If a written notice of objection is provided, no Confidential Information shall be disclosed to the selected consultant or expert until the objection is resolved by an order of the Court or by an agreement among the Parties involved.

**VI.    PERSONS ACCESSING CONFIDENTIAL INFORMATION.**

All persons other than the persons listed in Paragraph III.A.1 and III.A.3, prior to receiving Confidential Information, shall be furnished with a copy of this Order and shall acknowledge in writing that he or she has read this Order, understands it, and agrees to be bound by it. Acknowledgment is an express agreement to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to such Confidential

Information or to this Order, including any proceeding relating to the enforcement of the Order. (See form attached as Exhibit A.)

## VII. NO OTHER DISCLOSURE OR USE.

Under no circumstances shall any Party or person subject to this Order disclose or make use of any Confidential Information designated "**CONFIDENTIAL**" or "**CONFIDENTIAL – ATTORNEYS EYES ONLY**" that is obtained by the Party or person except for purposes necessary to litigation of this civil action.

## VIII. PATENT PROSECUTION.

Disclosure or use of any Confidential Information designated "**CONFIDENTIAL**" or "**CONFIDENTIAL – ATTORNEYS EYES ONLY**" is expressly prohibited in the course of advising or consulting on any patent prosecution matters and is expressly prohibited in the course of preparing or prosecuting any patent application, reissue, or reexamination with a priority date earlier than one (1) year after the conclusion of the present litigation, including any appeals.

## IX. CHALLENGES TO DESIGNATION.

This Order shall be without prejudice to the right of any Party, any person bound by this Order, or any interested member of the public, to bring before the Court the question of whether any particular item is properly designated "**CONFIDENTIAL**" or "**CONFIDENTIAL – ATTORNEYS EYES ONLY**" or properly designated as Confidential Information under the terms of this Order. The Party challenging the designation of an item as Confidential Information shall make a reasonable and good faith attempt to informally resolve the challenge prior to bringing a motion. Until an order is obtained from the Court, the challenging Party shall treat the item as designated by the Producing Party, pursuant to the terms of this Order.

## X. THIRD-PARTY PRODUCTIONS.

To the extent that documents, things, and deposition testimony are sought from a third-party, and in the event any documents, things, and/or deposition testimony are obtained from a third-party, such third-party shall have the right to designate any such documents, things, and/or deposition testimony as "**CONFIDENTIAL**" or "**CONFIDENTIAL – ATTORNEYS EYES ONLY**" and the use of such Confidential Information by any Receiving Party shall be governed in all respects by the terms of this Order.

## XI.   LASTING OBLIGATIONS.

A. Upon final termination of this action, the following provisions shall continue in full force and effect, with regard to the subject matter of this Order.

B. All persons subject to the terms hereof shall collect and return to the respective Parties all material designated "**CONFIDENTIAL**" or "**CONFIDENTIAL – ATTORNEYS EYES ONLY**" and all copies thereof, and shall return or destroy all other outlines, summaries, abstracts, compilations, memoranda and other documents, embodying or concerning such information and materials. Alternatively, all persons subject to the terms of this Order may certify in writing that such materials and documents have been destroyed. Notwithstanding the foregoing, outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties, including deposition, hearing, and trial transcripts, recordings and exhibits.

C. All obligations and duties arising under this Order shall survive the termination of this action. The Court retains jurisdiction indefinitely over the Parties, and any persons provided access to Confidential Information under the terms of this Order, with respect to any dispute over the improper use of such Confidential Information.

## XII.  TRIAL.

This Order shall apply to pre-trial proceedings and not to the trial of this action. The Parties shall address any needed protection for the confidentiality of materials introduced into evidence at trial with the Court at the pretrial conference.

Dated:                      BINGHAM McCUTCHEN LLP

By: _____
Trenton Norris
Ivan Rothnman
Attorneys for Plaintiff,
GN NETCOM, INC.

Dated:                      PROCOPIO CORY HARGREAVES
                                        & SAVITCH LLP

By: _____
John S. Kyle
Attorneys for Defendant,
KLEIN ELECTRONICS, INC.

## ORDER

**GOOD CAUSE APPEARING, IT IS SO ORDERED** in accordance with the above stipulation.

DATED: _____

                                          Judge of the District Court

## Exhibit A

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order filed in the above-entitled action, and signed by Judge George A. O'Toole on November \_\_, 2005.

5. I have carefully read and understand the provisions of the Stipulated Protective Order.

6. I certify that I am eligible to have access to Confidential Information under the terms of the Stipulated Protective Order; and if necessary thereunder, my curriculum vitae is attached hereto.

7. I will comply with all provisions of the Stipulated Protective Order.

8. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action, any Confidential Information disclosed to me.

9. I will return all Confidential Information which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the Party by whom I am retained at the conclusion of my retainer or at the final termination of the litigation.

10. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this action.

_____
(Signature)

Sworn to and subscribed to me before this

\_\_\_\_ day of _____, 200\_\_.

_____
Notary Public

Stipulated Protective Order
Docket No. 05-11768 GAO

SF/21644690.2